UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE STEVEN TORLIATT, <br><br> Plaintiff, <br><br> v. <br><br> OCWEN LOAN SERVICING LLC, <br><br> Defendant. | Case No. 18-cv-01516-JSC <br><br> **ORDER RE MOTION TO DISMISS** <br> Re: Dkt. No. 9 |

Plaintiff Steven Torliatt alleges Defendant Ocwen Loan Servicing LLC ("Ocwen") made misrepresentations regarding the loan balance on Mr. Torliatt's mortgage after a 2010 loan modification. (Dkt. No. 1.)[1] Now pending before the Court is Defendant's motion to dismiss. (Dkt. No. 9.)[2] After carefully considering the arguments and briefing submitted, and having had the benefit of an in person hearing on May 10, 2018, the Court GRANTS Defendant's motion to dismiss for the reasons set forth below.

## COMPLAINT ALLEGATIONS

Plaintiff resides at 966 Mcnear Avenue in Petaluma, California (the "Property"). (Dkt. No. 1 ¶ 4.) He obtained a mortgage on the Property in 2005. (Dkt. No. 1 Ex. 1.) The mortgage amortized over 30 years at a 9.8% interest rate. (*Id.* ¶ 5.) American Home Mortgage Servicing, Inc. ("American Home") was the loan servicer in 2010. (*Id.* ¶ 6.) At some point thereafter Ocwen became the loan servicer, however it is unclear from the complaint exactly when.

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.
[2] Both parties have consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c). (Dkt. Nos. 12, 13.)

For approximately five years, 2005 to 2010, Plaintiff made monthly payments on the mortgage.[3] (*Id*. ¶ 6.) In 2010 Plaintiff began experiencing "various financial hardships that caused him to have difficulty making payments" on the mortgage. (*Id*. ¶ 9.) This caused Plaintiff to become delinquent on two mortgage payments. (*Id*.) Plaintiff requested mortgage assistance and submitted the "proper documentation required for obtaining a loan modification" to American Home. (*Id*.) At the time Plaintiff fell delinquent the mortgage balance "should have been $638,587.99." (*Id*.)

Plaintiff obtained a loan modification in October 2010. (*Id*. ¶ 10 and Ex. 5.) The signed loan modification agreement, which Plaintiff attached to his complaint, states that the

> modified principal balance of my Note will include all amounts and arrearages that will be past due as of the Modification Effective Date (including unpaid and deferred interest, fees, escrow advances and other costs, but excluding unpaid late charges, collectively, "Unpaid Amount" less any amounts paid to the Lender but not previously credit to my Loan. **The new principal balance of my Note will be $646,048.88 (**the "New Principal Balance"). I understand that by agreeing to add the Unpaid Amounts to the outstanding principal balance, the added Unpaid Amounts accrue interest based on the interest rate in effect under this Agreement. I also understand that this means interest will now accrue on the unpaid interest that is added to the outstanding principal balance, which would not happen without this Agreement.

(Dkt. No. 1 at 44 (Ex. 5.) The agreement also provides that $237,478.00 of the New Principal Balance will be deferred and Plaintiff will not be required to pay interest or make monthly payments on that amount. The agreement reduced the interest rate on the New Principal Balance to 2% for years 1 to 5, 3% for year 6, 4% for year 7, and 4.625% for years 8 to 26. (*Id.*)

Plaintiff alleges that Ocwen falsely informed Plaintiff that the new mortgage balance was $646,048.88, and that as a result of that misrepresentation "$7,460.89 was improperly applied to Plaintiff's balance on the Loan." (*Id*. ¶ 10-11.) The $7,460.89 is the difference between the new mortgage balance represented by Ocwen and $638,587.99--the amount Plaintiff claims was the balance at the time he fell delinquent on the loan. (Dkt. No. 1 ¶ 9; Dkt. No. 14 at 2.) Plaintiff

---

[3] Defendant requests the Court take judicial notice of the deed of trust for the Property recorded with the Sonoma County Recorder in December 2005. (Dkt. No. 10.) Defendant's request is granted as the document is not subject to reasonable dispute nor is its accuracy questioned. *See* Fed. R. Evid. 201.

alleges further that despite having made all payments required by the loan modification, in July 2014 Ocwen misrepresented that the principle balance was $614,756.57. (Dkt. No. 1 ¶ 13.) "The principal balance should have declined by $53,215.08, not $31,292.31 conveyed by Ocwen." (*Id.*)

Plaintiff "justifiably relied on Defendant's misrepresentations and omissions and Plaintiff suffered harm" because "Plaintiff has lost thousands of dollars due to paying funds to a false principle." (*Id.* ¶ 35.) Defendant "has been unjustly enriched due to inflated payments being paid towards a false principle balance." (*Id.*)

## DISCUSSION

Plaintiff alleges (1) fraud, (2) violation of the FTC Act, 15 U.S.C. Section 45, (3) misrepresentation, (4) violation of California Business and Professions Code Section 17203, and (5) equitable estoppel. Defendant argues (1) Plaintiff's fraud and misrepresentation claims are barred by the statute of limitations and Plaintiff fails to plead sufficient facts to support these claims, (2) there is no private right of action under 15 U.S.C. Section 45, and (3) Plaintiffs UCL and equitable estoppel causes of action fail to state a claim.

### A. Fraud and Misrepresentation

#### 1. *Failure to State a Claim*

Fraud requires "(a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or scienter); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage." *Small v. Fritz Companies Inc.*, 30 Cal.4th 167, 173 (2003). The elements for intentional misrepresentation are (1) a misrepresentation, (2) knowledge of falsity, (3) intent to induce reliance, (4) actual and justifiable reliance, and (5) resulting damage. *Lazar v. Superior Court*, 12 Cal.4th 631, 638 (1996). Federal Rule of Civil Procedure 9(b) requires that "[i]n averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." "Each element of a fraud count must be pleaded with particularity so as to apprise the defendant of the specific grounds for the charge and enable the court to determine whether there is any basis for the cause of action." *Chapman v. Skype Inc.*, 220 Cal.App.4th 217, 231 (2013).

Plaintiff's claims are premised on Defendant misrepresenting the principal balance on the

loan at the time of the loan modification as $646,048.88 when it should have been $637,588.99. (*See, e.g.,* Dkt. No. 1 ¶ 33(a).) The loan modification agreement, however, shows that Plaintiff agreed in writing that the balance was $646,048.88 at the time of the modification. A complaint's conclusory allegations contradicted by the complaint's attached exhibits may be disregarded on a motion to dismiss. *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295-96 (9th Cir. 1998). The allegation that the proper amount should have been $638,587.99 is conclusory. Plaintiff merely states that this was the amount owed when he became delinquent. But he does not allege the date on which this amount was owed. The amount grows every day due to interest; thus, if $638,587.99 was the amount owed when he became delinquent, the amount owed when the loan modification agreement was signed must necessarily be higher. Further, the loan modification agreement states expressly that the new principal balance includes "unpaid and deferred interest, fees, escrow advances and other costs." Plaintiff's principal balance theory does not take any of these costs into account.

Plaintiff's allegation that the representation of $237,478.00 as the amount of the balloon payment, that is, the amount of the principal balance that was deferred, "does not make mathematical sense" (*See, e.g.,* Dkt. No. 1 ¶ 20(c)), is also directly contradicted by the loan modification agreement that Plaintiff signed. The agreement expressly states that $237,478.00 will be deferred. Thus, Plaintiff has not pleaded any misrepresentation with the required particularity and he cannot do so because in the loan modification agreement he agreed that $646,048.88 is the appropriate amount.

Accordingly, Defendant's motion to dismiss Plaintiff's fraud and misrepresentation claims is GRANTED without leave to amend as Plaintiff's conclusory allegations of fraud are directly contradicted by the loan modification agreement he attached to his complaint.

2. *Statute of Limitations*

The fraud and misrepresentation claims also fail as barred by the statute of limitations. The statute of limitations for fraud and intentional misrepresentation is three years. Cal. Civ. Proc. Code § 338(d); *Platt Elec. Supply, Inc. v. EOFF Elec., Inc.*, 522 F.3d 1049, 1054 (9th Cir. 2008) (noting there is a three-year statute of limitations for claims grounded in fraud or mistake). These

causes of action are "not deemed to have accrued until the discovery, by the aggrieved party, of the facts constituting the fraud or mistake." *Id*. Plaintiff alleges that Ocwen's 2014 communication regarding the principal balance of his mortgage was false and a misrepresentation. Plaintiff filed his complaint on March 29, 2018. (Dkt. No. 1.) Therefore, Ocwen's allegedly fraudulent 2014 communication is time barred as Plaintiff waited four years to file the instant suit.

Plaintiff argues that the statute of limitations only began to run in 2017 when he "discovered the existence of his claims" after conducting research and consulting third-parties. (Dkt. No. 14 at 9:5-9.) "An important exception to the general rule of accrual is the discovery rule, which postpones accrual of a cause of action until the plaintiff discovers, or has reason to discover, the cause of action." *Fox v. Ethicon Endo-Surgery Inc.*, 35 Cal.4th 797, 807 (2005). "The discovery rule only delays accrual until the plaintiff has, or should have, inquiry notice of the cause of action." *Id*. "[P]laintiffs are required to conduct a reasonable investigation after becoming aware of an injury, and are charged with knowledge of the information that would have been revealed by such an investigation." *Id*. "In order to rely on the discovery rule for delayed accrual of a cause of action, [a] plaintiff whose complaint shows on its face that his claim would be barred without the benefit of the discovery rule must specifically plead facts to show (1) the time and manner of discovery and (2) the inability to have made earlier discovery despite reasonable diligence." *Id*. at 808.

Plaintiff's conclusory allegations are insufficient. He knew in 2010 what Defendant contended the principal balance to be as it is set forth in the loan modification agreement; Plaintiff thus has been on inquiry notice for nearly eight years. The statute of limitations is an additional reason the fraud and misrepresentation claims fail as a matter of law.

**B.     15 U.S.C. § 45**

15 U.S.C. § 45(a)(1) prohibits "[u]nfair methods of competition in or affecting commerce, and unfair or deceptive acts or practices in or affecting commerce." *Dreisbach v. Murphy*, 658 F.2d 720, 730 (9th Cir. 1981). "[P]rivate litigants may not invoke the jurisdiction of the federal district courts by alleging that defendants engaged in business practices proscribed by [§] 5(a)(1)" of the Federal Trade Commission Act (found at 15 U.S.C. § 45(a)(1)). *Id*. "The Act rests initial

remedial power solely in the Federal Trade Commission." *Id*. Plaintiff is a private litigant and therefore cannot bring a 15 U.S.C. § 45 claim.

Accordingly, Defendant's motion to dismiss Plaintiff's 15 U.S.C. § 45 is granted without leave to amend.

### C. UCL

The UCL prohibits unfair competition, which it broadly defines as including "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200. To state a claim for an unlawful business practice, the UCL "borrows violations of other laws and treats them as unlawful practices that the unfair competition law makes independently actionable." *Beaver v. Tarsadia Hotels*, 816 F.3d 1170, 1177 (9th Cir. 2016) (citing *Cel–Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*, 20 Cal.4th 163, 180 (1999)). Unfair under the UCL means "unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer." *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1145 (9th Cir. 2016) (citing Cal. Civ. Code § 1770(a)). The fraudulent prong under the UCL is "governed by the reasonable consumer test." *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008). A plaintiff may demonstrate a violation by showing that "members of the public are likely to be deceived." *Id*. Rule 9(b)'s particularity requirement applies to claims for violations of the UCL that sound in fraud. *Kearns v. Ford Motor Co*., 567 F.3d 1120, 1125 (9th Cir. 2009).

Plaintiff's UCL claim fails under all three prongs for the same reason his fraud and misrepresentation claims fail: the loan modification agreement establishes that Plaintiff agreed to the principal balance amount that he now claims is false. First, Plaintiff appears to base his "unlawful" business practices UCL claim on his underlying fraud and misrepresentation claims; however, as discussed above, Plaintiff has not stated a claim for either fraud or misrepresentation. Second, Plaintiff has not pled any facts to support an "unfair" UCL claim as Plaintiff has not alleged any conduct that threatens or harms competition. Third, Plaintiff has not pled a "fraudulent" UCL claim because there are no allegations regarding deception to members of the

6

public or harm to the public interest.

Accordingly, Defendant's motion to dismiss Plaintiff's UCL claim is GRANTED without leave to amend.

### D    Equitable Estoppel

"California does not recognize an independent cause of action for equitable estoppel." *Moncada v. W. Coast Quartz Corp.*, 221 Cal.App.4th 768, 782 (2013) (citing *Behnke v. State Farm Gen. Ins. Co.*, 196 Cal.App.4th 1443, 1463 (2011)). It is not a stand-alone cause of action; instead, equitable estoppel must be pleaded as part of a cause of action or as a defense. *Id*. Therefore, Plaintiff's equitable estoppel claim is also dismissed without leave to amend.

## CONCLUSION

For the reasons discussed above, Defendant's motion to dismiss all of Plaintiff's claims is GRANTED. Leave to amend would be futile as the loan modification agreement which Plaintiff attached to his complaint shows that he agreed to the principal balance amount with which he now disagrees. Further, he was aware of the amounts set forth in the loan modification agreement more than seven years ago; thus, any claims challenging those amounts are also barred by the statute of limitations.

At the hearing Defendant agreed to continue to look for any documents that detail how the principal balance amount set forth in the loan modification agreement was computed. Further, as Defendant also offered, Defendant shall advise Plaintiff as to how he may request a payment history statement.

This Order disposes of Docket No. 9. Separate judgment will be issued.

**IT IS SO ORDERED.**

Dated: May 14, 2018

JACQUELINE SCOTT CORLEY
United States Magistrate Judge